# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

JOHN LESTER SALAZAR,

    Plaintiff,

vs.                                            Civil No. 00-989 BB/WWD

JAMES A. MCCORMICK,

    Defendant.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS
## AND RECOMMENDED DISPOSITION

    1.  THIS MATTER comes before this Court upon the following motions: Joint Motion by Defendant Trustee McCormick and Defendant Trustee's Attorney Diane Webb For Order to Refer Proceedings to United States Bankruptcy Court for the District of New Mexico, filed August 4, 2000 **[docket # 9]**; Defendant's Motion to Dismiss for Failure to State a Claim upon Which Relief Can Be Granted, filed August 4, 2000 **[docket # 3]**; Defendant Trustee's Attorney Diane Webb's Motion to Dismiss for Failure to State a Claim upon Which Relief Can Be Granted, filed August 4, 2000 **[docket # 5]**; and Motion by Trustee Defendant and Defendant Trustee's Attorney Diane Webb For Order Imposing Filing Restrictions Against Plaintiff, filed August 4, 2000 **[docket # 7]**.  Plaintiff has filed no responses at this time.

    2.  Plaintiff is currently incarcerated Western New Mexico Correctional Facility for illegal activities connected with his former business and is proceeding *pro se*.  This business, Crestview Funeral Home, is the subject of a pending bankruptcy proceeding in Bankruptcy Court for the District of New Mexico (No. 95-11923 MA) in which he filed several adversary proceedings

which name the present Defendants.[1]

3. Salazar's civil complaint in this Court includes allegations of libel, slander and defamation; intentional infliction of emotional distress; tortious interference with contractual relations and prima facie tort; and alludes to fraud, misrepresentation and breach of fiduciary duty. Compl. at 7. The complaint consists almost entirely of citations from case law and treatises grouped roughly under headings of the listed torts.

*Motions to Dismiss and Motion to Refer to Bankruptcy Court*

4. A motion to dismiss will be granted pursuant to Fed.R.Civ.P. 12(b)(6) only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Shoultz v. Monfort of Colorado, Inc., 754 F.2d 318, 321 (10th Cir. 1985) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).

5. Except for naming Diane Webb as a Defendant on page one in the text,[2] she is not mentioned at all elsewhere in the complaint. The allegations, conclusory as they are with regard to McCormick, cannot be construed even at their most liberal and favorable to Plaintiff, see Shaw v. Valdez, 819 F.2d 965, 968 (10th Cir. 1987), to implicate her as a party to this action. A complaint may be dismissed as a matter of law if there are insufficient facts under any cognizable theory. See Nolan v. MCAT, 39 F.3d 269 (10th Cir. 1994); Gigolo v. Chavez, 55 F.3d 488 (10th

---

[1] In these proceedings, Plaintiff also names numerous other parties as defendants, including various state officials, district court judges and attorneys. The Bankruptcy Court has denied relief in two of the filings purporting to be adversary proceedings. See Mem.Brf in Supp. of Jt.Mot. to Refer to Bankruptcy Crt., Exs. D, E, F. The bankruptcy proceedings are not relevant here except in deciding whether they are related sufficiently to warrant referral to Bankruptcy Court.

[2] James McCormick is the sole named Defendant in the case caption.

Cir. 1995) (dismissal is appropriate when the plaintiff can prove no set of facts to support a claim for relief). Thus, all of Plaintiff's claims against Diane Webb in this action should be dismissed with prejudice.

6. As to Plaintiff's claims against McCormick in this action, I find that Plaintiff's allegations in the adversary proceedings filed in Bankruptcy Court (attached as Exhibits A, B, and C to Defendants' Joint Motion), persuade me that referral to Bankruptcy Court is more appropriate than dismissal. See also St Louis Baptist Temple, Inc v. F.D.I.C., 605 F.2d 1169, 1172 (10th Cir. 1979) (Federal courts may take notice of judicial proceedings in other courts if they have a direct relation to matters at issue).

7. In those adversary proceedings, Plaintiff appears to raise issues of conflict of interest and violations of § 327(a) of the Bankruptcy Code[3] in the selection of James McCormick as Bankruptcy Trustee for Crestview Mortuary, based on allegations of a relationship between McCormick and Salazar's wife, with whom Plaintiff was going through a "bitter divorce" before and during the time of McCormick's selection, Ex. A at 1, the fact that McCormick operated and continues to operate a collection agency, Ex. A at 2-5, and allegations of fraudulent transfers made by McCormick.

8. Bankruptcy courts have jurisdiction over core proceedings, see 28 U.S.C. § 157, and related proceedings, see 28 U.S.C. § 1471(b). Related proceedings are civil proceedings that, in the absence of a bankruptcy petition, could have been brought in a district or state court. Gardner v. U.S., 913 F.2d 1515, 1517 (10th Cir. 1990). A civil proceeding is considered to be "related" in

---

[3] 11 U.S.C. § 327(a) provides for the appointment of a Trustee who is a "disinterested person" and does not hold "or represent an interest adverse to the estate." Carter v. Rodgers, 220 F.3d 1249 (11th Cir. 2000).

bankruptcy if the outcome of that proceeding could "conceivably have any effect on the estate being administered in bankruptcy." Id. at 1518.

9. The issues of conflict of interest related to McCormick's conduct as Bankruptcy Trustee, as well as claims of tortious interference, misrepresentation and fraud raised in this action could have an effect on the administration of Salazar's bankruptcy estate and thus should be referred to the Bankruptcy Court. See Sanders Confectionery Products, Inc., v. Heller Financial, Inc., 973 F.2d 474, 482-83 & n.4 (6th Cir. 1992) (where claims of securities fraud, common-law fraud and conspiracy exist independently of bankruptcy cases, where action is related to conduct of bankruptcy Trustee for Trustee's administration of the bankruptcy estate and could conceivably result in removal of Trustee, such claims should be considered core proceedings); In re First Jersey Securities, 180 F.3d 504, 509 (3rd Cir. 1999) (actual conflict of interest mandates disqualification of Trustee).

10. Similarly, Plaintiff's other tort-based claims against McCormick are tied to the validity of the bankruptcy proceedings, pursuant to the applicable provisions in the Bankruptcy Code which allow the Trustee to hold possession of goods, chattels and monies in the estate.[4]  See In re Walker, 198 B.R. 476, 482 (E.D.Va. 1996) (matter may be "related to" a bankruptcy case even if it does not involve debtor as long as it could alter the rights or liabilities of the debtor) (citing Sanders, 973 F.2d at 492); see also First State Bank & Trust Co. of Guthrie, Okla v. Sand Springs State Bank of Sand Springs, Okla, et al., 528 F.2d 350, 353 (10th Cir. 1976) (bankruptcy court has jurisdiction to determine dispute between third parties concerning the ownership of

---

[4] Along with equitable relief and damages, Salazar seeks replevin in the form of the return of his business, which would necessarily imply the wrongful detention of his business in a bankruptcy proceeding.

property if it is impossible to administer completely the estate of the bankrupt without determining the controversy).

11. I would make one exception to the referral of the claims to Bankruptcy Court. Plaintiff's allegations of libel, slander or defamation are arguably not core-related. However, I need not determine whether this matter is also best referred along with the others, since I find this claim should be dismissed under 12(b)(6). Plaintiff provides absolutely no information in his complaint or elsewhere to show a factual basis for these otherwise conclusory allegations. There is no fact stating what was said or done, or where or how it was said or done. Even *pro se* litigants must have some minimum level of factual support for their claim. See Frazier v. Dubois, 922 F.2d 560, 562 n.1 (10th Cir. 1990). For this reason, Salazar's claims of slander, libel and defamation against McCormick should be dismissed with prejudice.

*Motion for Filing Restrictions*

12. Defendants request that this Court enter an order which enjoins Salazar from filing further actions in this Court without the representation of a licensed attorney admitted to practice in this Court unless the Plaintiff first obtains permission from this Court to proceed *pro se*.

13. Defendants urge the Court for an imposition of filing restrictions on the heels of numerous filings in Bankruptcy Court in which they are included as named defendants. They contend that the Plaintiff's repetitive *pro se* filings and attempted filings of pleadings are frivolous and an abuse of process directed at the Trustee and the Trustee's Attorney. However, Salazar has only one other case presently pending before this Court, and it is not related to any of the

proceedings in Bankruptcy Court.[5] I am therefore reluctant to impose filing restrictions on Plaintiff at this time. At the same time, a warning to Plaintiff is recommended in that future filings which are similar to the present civil action or which otherwise involve the Trustee's conduct in relation to Plaintiff's business estate, may afford this Court sufficient reason to revisit Defendant's request for filing restrictions.

## Recommendation

I recommend the following:

(1) Joint Motion by Defendant Trustee McCormick and Defendant Trustee's Attorney Diane Webb For Order to Refer Proceedings to United States Bankruptcy Court for the District of New Mexico **[docket # 9]** should be GRANTED IN PART in that claims against McCormick should be referred, except for claims of libel, slander and defamation should be DISMISSED WITH PREJUDICE (see docket # 3) and except for all claims against Diane Webb, which should be dismissed with prejudice (see docket # 5);

(2) Defendant's Motion to Dismiss for Failure to State a Claim upon Which Relief Can Be Granted **[docket # 3]** should be GRANTED IN PART as to libel, slander and defamation, with other claims being referred to Bankruptcy Court (see docket # 9);

(3) Defendant Trustee's Attorney Diane Webb's Motion to Dismiss for Failure to State a Claim upon Which Relief Can Be Granted **[docket # 5]** should be GRANTED as to all claims against Diane Webb; and

(4) Motion by Trustee Defendant and Defendant Trustee's Attorney Diane Webb For

---

[5] That case is Civ. No. 00-841 JP/WWD, a civil rights complaint where the underlying events arose from Plaintiff's stay at a mental health institution.

6

Order Imposing Filing Restrictions Against Plaintiff **[docket # 7]** should be  DENIED AT THIS TIME.

Within ten days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such proposed findings and recommendations.  A party must file any objections with the clerk of the district court within the ten day period allowed if that party wants to have appellate review of the proposed findings and recommendations.  If no objections are filed, no appellate review will be allowed.

_____
UNITED STATES MAGISTRATE JUDGE